# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# (CAMDEN VICINAGE)

**STARK & STARK**
A Professional Corporation
P.O. Box 5315
Princeton, New Jersey 08543-5315
(609) 896-9060
Attorneys for Plaintiff, ANISSA E. ISRAEL,
as Administrator ad Prosequendum of the
Estate of A'heem Hudson, deceased
Frank Orbach, Esq. (FO9669)

_____

| | |
|---|---|
| ANISSA E. ISRAEL, as Administrator ad Prosequendum of the Estate of A'Heem Hudson, deceased, | |
| Plaintiff, | CIVIL ACTION NO.: |
| vs. | |
| THE UNITED STATES OF AMERICA, JOHN DOE DOCTORS (1-10), fictitiously named defendants, JANE DOE NURSES (1-10), fictitiously named defendants, and ABC BUSINESS ENTITIES (1-10), fictitiously named defendants, | COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff, ANISSA E. ISRAEL, as Administrator ad Prosequendum of the Estate of A'HEEM HUDSON, residing at 4704 River Road, Pennsauken, Camden County, New Jersey, 08110, by way of Complaint, alleges and says:

1

## JURISDICTIONAL ALLEGATIONS

1. This action is brought, and jurisdiction vested, pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 - 2680, *et. seq.*, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2401(b).

2. The cause of action in this matter arose on or about XX/XX/2008.

3. Proper notice was presented and received by the appropriate Federal agency within 2 years of the date of the cause of action arose in this matter, as evidenced by the following:

   a. Pursuant to 28 U.S.C. § 2401(b) and 28 U.S.C. § 2671, *et. seq.*, plaintiffs served a written notice of administrative claim by way of a properly completed standard Form 95, which was presented to and received by Defendant, United States, in the name of Meredith Torres, (in the total amount of $5,000,000.00). An amended notice of claim was presented to and received by Defendant, United States, in the name of Linda A. Vincent (In the total amount of $5,000,000.00). True and correct copies of the notices are attached as Exhibit 1 and 2, respectively, and are incorporated herein by reference.

   b. The aforesaid notice was received by Defendant, United States Department of Heath and Human Services, on or about January 20, 2010, as evidenced by the certified mail receipt attached hereto as Exhibit 3 and incorporated herein by

reference. The aforesaid amended notice was received by Defendant, United States Department of Health and Human Services, on or about April 19, 2010, as evidenced by the certified mail receipt attached hereto as Exhibit 4 and incorporated herein by reference.

4. Plaintiff's Complaint has been filed timely in keeping with the procedural requirements set forth at 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a).

### FACTUAL ALLEGATIONS CONCERNING ROSALIA E. HYATT

1. Plaintiff repeats the allegations of the preceding Count and makes them a part hereof.

2. At all relevant times, ROSALIA E. HYATT, M.D., was a licensed physician of the State of New Jersey, who held herself out as a specialist in the field of Obstetrics and Gynecology.

3. At all relevant times, ROSALIA E. HYATT, M.D., was an employee of CAMcare Health Corporation, located at 2610 Federal Street, in the City of Camden, County of Camden, State of New Jersey 08105.

4. At all relevant times, ROSALIA E. HYATT, M.D., acted within the scope of her employment by CAMcare Health Corporation. ROSALIA E. HYATT, M.D., has been deemed by the Office of General Counsel of the United States Department of Health and Human Services to be an employee of a deemed community health center, and, as such, she is covered under the Federal Tort Claims Act for purposes of the claims asserted herein.

3

5. On or about XX/XX/2008, ROSALIA E. HYATT, M.D. provided medical services to the plaintiff, ANISSA E. ISRAEL, in connection with her labor and the delivery of the plaintiff's decedent, A'HEEM HUDSON, at Cooper University Hospital in Camden, New Jersey.

6. On or about XX/XX/2008 and XX/XX/2008, ROSALIA E. HYATT, M.D., was the Attending Obstetrician for the labor of plaintiff, ANISSA E. ISRAEL, and for the delivery on XX/XX/2008 of plaintiff's decedent, A'HEEM HUDSON.

7. At all relevant times, ROSALIA E. HYATT, M.D., supervised the residents and other doctors-in-training who attended to plaintiff, ANISSA E. ISRAEL, and who attended to the plaintiff's decedent, A'HEEM HUDSON.

8. ROSALIA E. HYATT, M.D., was responsible for all of the obstetrical and medical management decisions made with respect to the said labor and the delivery of plaintiff's decedent, A'HEEM HUDSON.

9. At all relevant times, ROSALIA E. HYATT, M.D., had a duty to provide obstetrical and medical services to the plaintiff, ANISSA E. ISRAEL, and to plaintiff's decedent, A'HEEM HUDSON, in accordance with accepted medical and professional standards.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

1. The plaintiff repeats the allegations of the preceding Counts and makes them a part hereof.

2. The plaintiff, ANISSA E. ISRAEL, became pregnant with twins in 2007. It is this pregnancy which resulted in the birth of plaintiff's decedent, A'HEEM HUDSON, on XX/XX/2008. The plaintiff's decedent, A'HEEM HUDSON, is also referred to herein as Twin B.

3. The other baby which the plaintiff, ANISSA E. ISRAEL, was carrying is referred to herein as Twin A.

4. On XX/XX/2008, one day before the delivery of both babies, a Non-Stress Test was performed.

5. The Non-Stress Test showed that both twin A and B were in cephalic presentation with reactive fetal heart rate patterns.

6. Reactive patterns are reassuring signs of fetal well-being.

7. The Non-Stress Test also showed, however, that Twin B had oligohydramnios, which means that the amniotic fluid volume was diminished.

8. The decreased amniotic fluid volume placed Twin B in a potentially hostile uterine environment, which increased the risk of umbilical cord compression, asphyxia, and meconium aspiration. These risks are associated with hypoxic/ischemic injury, brain damage, and potential death of the baby.

9. Plaintiff, ANISSA E. ISRAEL, was admitted to Cooper University Hospital in Camden, New Jersey on XX/XX/2008 for induction of labor and delivery of her babies. The reason for the admission and induction of labor was the above referenced ultrasound finding that Twin B had oligohydramnios and, compared to Twin A, had a growth discordance.

10.     ROSALIA E. HYATT, M.D., was aware of the above reasons for admission to the hospital and induction of labor and was aware of the aforesaid risks of brain injury and death of Twin B revealed by plaintiff, ANISSA E. ISRAEL'S aforesaid obstetrical testing.

11.     The Non-Stress Test results from XX/XX/2008, and, most importantly, the finding of oligohydramnios, required that ROSALIA E. HYATT, M.D., be on the look out for any signs or evidence of potential fetal compromise in the case of Twin B and that she effect delivery of Twin B as soon as possible when such signs or evidence appeared.

12.     The operating room was set up at or about 1:30 a.m. on XX/XX/2008 for vaginal delivery and possible Caesarian Section delivery of the aforesaid twins.

13.     Fetal tachycardia was noted in the hospital record with respect to Twin B at or about 1:33 a.m.

14.     Full dilation of plaintiff, ANISSA E. ISRAEL'S, cervix occurred at or about 1:50 a.m.

15.     Plaintiff, ANISSA E. ISRAEL, was transferred to the operating room at or about 1:52 a.m., to begin pushing.

16.     Plaintiff, ANISSA E. ISRAEL, arrived in the operating room at or about 2:07 a.m.

17.     The baby referred to in the labor and delivery records as Twin A was delivered at or about 2:12 a.m.

18.     ROSALIA E. HYATT, M.D. was present for the delivery of Twin A and was the attending obstetrician for said delivery.

6

19. At or about 2:13 a.m., the Obstetrical Resident, Dr. Yahav, was unable to obtain fetal heart tones for Twin B with the Electronic Fetal Monitor Transducer.

20. At or about 2:15 a.m., the Electronic Fetal Monitor tracing was consistent with the palpated maternal pulse. This meant that the doctors had been unable to obtain fetal heart tones for Twin B for approximately two minutes.

21. Immediate rupture of membranes and placement of an internal scalp electrode was required by the standard of care at or about 2:15 a.m. in order to obtain a reliable fetal heart rate pattern.

22. Placement of a scalp electrode could not be done at that time because of fetal position. For this reason, the decision for an immediate Caesarian Section was required by the standard of care at or about 2:15 a.m.

23. At or about 2:20 a.m. and at or about 2:33 a.m., the palpated maternal pulse continued to be consistent with the heart rate being recorded on the Electronic Fetal Monitor Tracing. This meant that the doctors could still not obtain fetal heart tones for Twin B.

24. At or about 2:35 a.m, ROSALIA E. HYATT, M.D., made the decision to deliver Twin B by Caesarian Section.

25. Twin B was delivered at or about 2:52 a.m.

26. ROSALIA E. HYATT, M.D., was the physician who, in fact, made the obstetrical management decisions which led to the delivery of Twin B at or about 2:52 a.m.

27. ROSALIA E. HYATT, M.D., was physically present following the delivery of Twin A, up to and including the delivery of Twin B.

28.     ROSALIA E. HYATT, M.D. was aware, or should have been aware, of the events which occurred following the delivery of Twin A, up to and including the delivery of Twin B.

29.     The longer that Twin B remained in utero after 2:15 a.m., the greater was his risk of suffering irreversible hypoxic/ischemic injury, severe and irreversible brain damage, meconium aspiration, and death.

30.     At the time of his birth, the plaintiff's decedent, A'HEEM HUDSON, had a severe and irreversible brain injury as a result of hypoxia and ischemia occurring during the last few minutes before delivery.

31.     The Apgar Scores of the plaintiff's decedent, A'HEEM HUDSON, were 1, 4, and 4 at one, five and ten minutes, respectively.

32.     The amniotic fluid of the plaintiff's decedent, A'HEEM HUDSON, was meconium stained.

33.     Cord blood gases of the plaintiff's decedent, A'HEEM HUDSON, obtained at Cooper University Hospital, showed a highly acidotic pH with a base excess.

34.     While the plaintiff's decedent, A'HEEM HUDSON, remained a patient at Cooper University Hospital, he had no spontaneous respirations and was hypotonic.

35.     The plaintiff's decedent, A'HEEM HUDSON, experienced seizures while he was at Cooper University Hospital.

8

36. The clinical examinations of, and the testing done on, the plaintiff's decedent, A'HEEM HUDSON, while he was at Cooper University Hospital, showed a profound and acute hypoxic/ischemic injury, which included severe brain injury.

37. The plaintiff's decedent, A'HEEM HUDSON, was medically stabilized at Cooper University Hospital and transferred to Children's Hospital of Philadelphia (CHOP) on XX/XX/2008 for hypothermia treatment of his brain injury.

38. The treatment at CHOP was unsuccessful.

39. In spite of the efforts of the doctors at CHOP, the medical course of the plaintiff's decedent, A'HEEM HUDSON, was complicated by neonatal seizures, hyponatremia, and coagulopathy.

40. An MRI performed at CHOP was consistent with profound anoxic ischemic injury.

41. Life support was ultimately withdrawn at CHOP on May 21, 2008, because of the very poor prognosis of the plaintiff's decedent, A'HEEM HUDSON.

42. Plaintiff's decedent, A'HEEM HUDSON, died on May 21, 2008.

**FIRST COUNT (NEGLIGENCE OF ROSALIA E. HYATT, M.D.)**

1. Plaintiff repeats the allegations of the preceding Counts and makes them a part hereof.

2. A decision for immediate Caesarian Section was required at or about 2:15 a.m., on XX/XX/2008, by the applicable medical and obstetrical standards of care.

3. ROSALIA E. HYATT, M.D., as the attending obstetrician for this labor and delivery, was the physician who had the duty to make, and carry out, the

decision at or about 2:15 a.m. on XX/XX/2008, that an immediate Caesarian Section be performed.

4. Delivery of Twin B could have been, and should have been, accomplished by, or at the direction of, ROSALIA E. HYATT, M.D., within five minutes of 2:15 a.m., because the Operating Room had already been set up for that purpose.

5. Instead, Twin B was delivered at or about 2:52 a.m.

6. Twin B remained in the uterine environment for over thirty minutes longer than was permitted by the applicable obstetrical and medical standards of care.

7. ROSALIA E. HYATT, M.D., made the obstetrical and medical management decisions which delayed the delivery of the plaintiff's decedent, A'HEEM HUDSON.

8. The obstetrical and medical management decisions made by ROSALIA E. HYATT, M.D., were deviations from the standards of care applicable to her.

9. The deviations from the standards of care by ROSALIA E. HYATT, M.D. substantially increased the risk of injury and death to the plaintiff's decedent, A'HEEM HUDSON, and were a proximate cause of the injuries and death of the plaintiff's decedent, A'HEEM HUDSON.

10. The cause of death of the plaintiff's decedent, A'HEEM HUDSON, was the injuries suffered by him due to the delay in delivering him on XX/XX/2008.

**WHEREFORE**, the plaintiff, ANISSA E. ISRAEL, as Administrator ad Prosequendum of the ESTATE OF A'HEEM HUDSON, demands judgment for damages in the amount of $5,000,000.00 against the defendant, THE UNITED STATES OF AMERICA, JOHN DOE PHYSICIANS (1 through 10), *fictitiously named defendants*, JANE DOE NURSES (1 through 10), *fictitiously named defendants*, and ABC BUSINESS ENTITIES, (1 through 10), *fictitiously named defendants*, individually, jointly, and severally, and in the alternative, together with interest, and costs of suit.

### SECOND COUNT (FICTITIOUSLY DESIGNATED DEFENDANTS)

1. The plaintiff repeats the allegations of the preceding Counts and makes them a part hereof.

2. Prior to the birth of the plaintiffs' decedent, A'HEEM HUDSON, the plaintiff, ANISSA E. ISRAEL, was attended to, and received professional services from, defendants, JOHN DOE PHYSICIANS (1 through 10). Said defendants, JOHN DOE PHYSICIANS (1 through 10) are physicians who are at present unknown to the plaintiffs herein and are thus fictitiously designated. Said defendants, JOHN DOE PHYSICIANS (1 through 10), provided negligent services to plaintiff, ANISSA E. ISRAEL, causing and/or contributing to the damages, losses, and injuries set forth herein.

3. Prior to his death, the plaintiffs' decedent, A'HEEM HUDSON, was attended to, and received professional services from, defendants, JANE DOE NURSES (1 through 10). Said defendants, JANE DOE NURSES (1 through 10), are

11

physicians and nurses who are at present unknown to the plaintiffs herein and are thus fictitiously designated. Said defendants, JANE DOE NURSES (1 through 10), provided negligent services to the plaintiff, ANISSA E. ISRAEL, and to the plaintiff's decedent, A'HEEM HUDSON, causing and/or contributing to the damages, losses, and injuries set forth herein.

4. Defendants, ABC BUSINESS ENTITIES (1 through 10), are corporations or partnerships which are liable for the negligence and tortuous acts and omissions of the defendants named in this Complaint, and which business entities are at present unknown to the plaintiffs herein and are thus fictitiously designated. Said defendants, ABC BUSINESS ENTITIES (1 through 10), provided negligent services to the plaintiff, ANISSA E. ISRAEL, and to the plaintiffs' decedent, A'HEEM HUDSON, and deviated from the applicable standard of care with respect to the plaintiff, ANISSA E. ISRAEL, and the plaintiffs' decedent, A'HEEM HUDSON, causing and/or contributing to the damages, losses, and injuries set forth herein.

**WHEREFORE**, the plaintiff, ANISSA E. ISRAEL, as Administrator ad Prosequendum of the ESTATE OF A'HEEM HUDSON, demands judgment for damages in the amount of $5,000,000.00 against the defendant, THE UNITED STATES OF AMERICA, JOHN DOE PHYSICIANS (1 through 10), *fictitiously named defendants*, JANE DOE NURSES (1 through 10), *fictitiously named defendants*, and ABC BUSINESS ENTITIES, (1 through 10), *fictitiously named defendants*, individually, jointly, and severally, and in the alternative, together with

interest, and costs of suit.

## FOURTH COUNT

1. The plaintiff repeats the allegations of the preceding Counts and makes them a part hereof.

2. Defendants, ROSALIA E. HYATT, M.D., and the above named fictitiously designated defendants, undertook to provide professional health care services and medical services to the plaintiff, ANISSA E. ISRAEL, and to the plaintiffs' decedent, A'HEEM HUDSON, in connection with the aforesaid labor and delivery. As such, each and all of said defendants had a duty to render said services in accordance with the standards of care applicable to them in their respective capacities as physicians, nurses, and business entities.

3. Defendants, ROSALIA E. HYATT, M.D., and the above named fictitiously designated defendants, individually, jointly, and severally, and in the alternative, deviated from the standards of care applicable to them in their respective capacities, specialties, and areas of practice, and were negligent with respect to the services, diagnosis, care, and treatment they provided to the plaintiff, ANISSA E. ISRAEL, and to the plaintiffs' decedent, A'HEEM HUDSON.

4. The negligence, and the deviations from the standards of care, of ROSALIA E. HYATT, M.D., and of each and all of the fictitiously named defendants, was a proximate cause of the injuries to, and the premature and unnecessary death of, the plaintiffs' decedent, A'HEEM HUDSON.

5. The negligence, and the deviations from the standards of care, of ROSALIA E. HYATT, M.D., and of each and all of the fictitiously named

defendants, proximately caused the plaintiff's decedent, A'HEEM HUDSON, to suffer serious and permanent injuries, worsening and aggravation of medical disorders and illnesses, disability, extreme physical pain and mental and emotional anguish, and loss of the enjoyment of life prior to his premature and unnecessary death.

6. The plaintiff, ANISSA E. ISRAEL, paid for the funeral expenses and charges incurred as a result of the death of plaintiff's decedent, A'HEEM HUDSON.

7. The plaintiffs' decedent, A'HEEM HUDSON, was survived by his parents, ANISSA E. ISRAEL, and GARY HUDSON, each of whom was dependent on the plaintiffs' decedent, and who, by reason of his wrongful death, have suffered pecuniary losses. Specifically, ANISSA E. ISRAEL, and GARY HUDSON, have suffered the loss of the future services, companionship, advice, guidance, counsel, and earnings of the plaintiff's decedent, A'HEEM HUDSON.

8. The plaintiff, ANISSA E. ISRAEL, as Administrator ad Prosequendum of the ESTATE OF A'HEEM HUDSON, brings this action pursuant to the provisions of the New Jersey Wrongful Death Act, N.J.S.A. 2A: 31-1, *et seq.*, pursuant to N.J.S.A. 2A:15-3, and pursuant to the Federal Torts Claims Act 28 U.S.C. § 2671 - 2680, *et. seq.*

9. A copy of the Affidavit of Merit of Richard L. Luciani, M.D., is annexed hereto as Exhibit 5.

**WHEREFORE**, the plaintiff, ANISSA E. ISRAEL, as Administrator ad Prosequendum of the ESTATE OF A'HEEM HUDSON, demands judgment for damages in the amount of $5,000,000.00 against the defendant, THE UNITED STATES OF AMERICA, JOHN DOE PHYSICIANS (1 through 10), *fictitiously named defendants*, JANE DOE NURSES (1 through 10), *fictitiously named defendants*, and ABC BUSINESS ENTITIES, (1 through 10), *fictitiously named defendants*, individually, jointly, and severally, and in the alternative, together with interest, and costs of suit.

**STARK & STARK**
A Professional Corporation
Attorneys for Plaintiff


By: /S/ Frank Orbach
    (FO 9669)

## JURY TRIAL DEMAND

Plaintiff, ANISSA E. ISRAEL, hereby demands trial by jury as to all issues so triable.

**STARK & STARK**
A Professional Corporation
Attorneys for Plaintiff


By: /S/ Frank Orbach
    (FO 9669)